UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRUCE ANCA,

   Plaintiff,

vs.

GEMINI TRANSPORT, LLC, *et al.*,

   Defendants.

Case No. 3:17-cv-86

Magistrate Judge Michael J. Newman
(Consent Case)

___

**ORDER AND ENTRY GRANTING IN PART AND DENYING IN PART DEFENDANT ALE DUKIC'S MOTION NOT TO PARTICIPATE AND GIVE TESTIMONY AT DEPOSITION OR TRIAL (DOC. 54)**
___

  This civil case is before the Court on Defendant Ale Dukic's motion requesting that Court not require him to appear and participate at trial or give deposition testimony in this case. Doc. 54. Plaintiff filed a memorandum in opposition and, subsequently, Dukic, through counsel, filed a reply. Doc. 58, 59. The undersigned has carefully considered the foregoing, and Dukic's motion is now ripe for decision.

  This civil case arises from an automobile accident that occurred on March 18, 2015 on southbound Interstate 75 in Montgomery County, Ohio between, *inter alia*, an automobile operated by Plaintiff Bruce Anca and a tractor-trailer operated by Defendant Ale Dukic. At the time, Dukic was allegedly operating a tractor-trailer owned or otherwise supplied to him by Defendant Gemini Transport, LLC ("Gemini") within the course and scope of his employment or agency with Gemini. Plaintiff alleges he suffered injuries as a result of Dukic's negligence in causing the accident and that Gemini is vicariously liable for Dukic's culpability. Given apparent stipulations between the parties, the only issue to be resolved at trial in this case is causation and damages.

In support of the instant motion, Dukic's counsel cites an agreement previously reached between counsel in the case wherein they agreed that, because Defendants have stipulated to liability (leaving the issues of causation and damages for trial), Dukic would not have to appear at trial or give testimony in the case. Doc. 54. Plaintiff's attorney Ryan Melewski, however, has since reneged on that agreement and seeks to call Dukic to testify at trial for purposes of exploring "the manner and nature of the impact, what events led to the crash, what happened at the scene, what . . . Dukic saw and heard, any interaction with Plaintiff, and so on." Doc. 58 at PageID 264. In reliance on the previous agreement between counsel, however, Dukic's attorney lost touch with him and is now unable to contact him. Doc. 54 at PageID 259.

The undersigned recognizes that case strategy sometimes changes as a case proceeds through litigation. However, the undersigned is troubled that Mr. Melewski entered into an agreement with opposing counsel, reneged on that agreement late in the case, and defense counsel, having relied on such agreement to his detriment, must now expend time and effort into an issue thought resolved many months ago (notably, this case was filed in state court in February 2017 -- *i.e.*, approximately two-and-a-half years ago). There being no evidence of gamesmanship by Mr. Melewski,[1] and recognizing Plaintiff's right to call witnesses at trial, the Court **DENIES** Dukic's motion with regard to excusing him from appearing at trial to provide testimony.

The Court's denial of Defendant Dukic's motion in this regard, however, is not an Order requiring Dukic to appear and participate at trial. He certainly may do so if he and his attorney so choose. Otherwise, should Plaintiff wish to call Dukic as a witness at trial, Plaintiff shall comply with all legal requirements necessary to secure Dukic's attendance. *See, e.g.*, Fed. R. Civ. P. 45(c).

---

[1] The Court certainly presumes no gamesmanship in this regard in light of the fact that Mr. Melewski is an officer of the Court and the Court's Introductory Statement on Civility set forth in the Local Rules prohibits such gamesmanship.

With regard to the relief requested as to deposition testimony, the Court notes that discovery commenced in 2017 and the deadline for discovery has been extended numerous times since the case began. *See* docs. 13, 17, 30, 34, 38, 39, 45, 53. Trial in the case was last set to commence on May 13, 2019, with discovery ending on January 25, 2019. Doc. 45. Apparently Plaintiff never sought Dukic's deposition prior to that January 25, 2019 discovery deadline or the May 13, 2019 trial. The Court did vacate the May 13 trial and did set a new discovery deadline, but did so for the purpose of accommodating Plaintiff's ongoing treatment with an ENT and the exchange of discovery, including opinion evidence, regarding that treatment. *See* doc. 53. Because Plaintiff did not seek to depose Defendant Dukic prior to expiration of the previous discovery deadline, because discovery has been reopened for the purpose of Plaintiff's ENT treatment, and in light of the previous agreement between counsel, the undersigned **GRANTS** Defendant Dukic's motion as it relates to deposition testimony. Thus, the Court **ORDERS** that, absent the agreement of all counsel, Dukic need not appear for deposition testimony.

**IT IS SO ORDERED.**


Date:  August 16, 2019                             s/ Michael J. Newman
                                                                                       Michael J. Newman
                                                                                       United States Magistrate Judge