UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRUCE ANCA,

    Plaintiff,

vs.

GEMINI TRANSPORT, LLC, *et al.*,

    Defendants.

Case No. 3:17-cv-86

Magistrate Judge Michael J. Newman
(Consent Case)

---

**ORDER GRANTING DEFENDANTS' MOTION *IN LIMINE* (DOC. 65)**

---

This civil case is before the Court on Defendants' motion *in limine*. Doc. 65. Plaintiff filed a memorandum in opposition. Doc. 68. Thereafter, Defendants filed a reply. Doc. 84. The Court discussed the motion with counsel, on the record and during the final pretrial conference, on November 22, 2019. The Court has carefully considered all of the foregoing, and Defendants' motion is ripe for decision.

This civil case arises from an automobile accident that occurred on March 18, 2015 on southbound Interstate 75 in Montgomery County, Ohio between, *inter alia*, an automobile operated by Plaintiff Bruce Anca and a tractor-trailer operated by Defendant Ale Dukic. At the time, Dukic was allegedly operating a tractor-trailer owned or otherwise supplied to him by Defendant Gemini Transport, LLC ("Gemini") within the course and scope of his employment or agency with Gemini. Plaintiff alleges he suffered injuries as a result of Dukic's negligence in causing the accident and that Gemini is vicariously liable for Dukic's culpability. Given apparent stipulations between the parties, the only issue to be resolved at trial in this case is causation and damages.

In the motions *in limine* now pending before the Court, Defendants seek to preclude Plaintiff from: (1) disparaging Defendant Dukic because of his not being present at trial; and (2) introducing evidence regarding Plaintiff's psychological treatment. Doc. 65. "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 (1984). "Motions *in limine* allow the court to rule on evidentiary issues prior to trial in order to avoid delay and to allow the parties to focus remaining preparation time on issues that will in fact be considered by the jury." *United States v. Mack*, 298 F.R.D. 349, 351 (N.D. Ohio 2014), *aff'd*, 808 F.3d 1074 (6th Cir. 2015). However, "[a] ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

In deciding motions *in limine*, "[c]ourts should exclude evidence . . . only when it is clearly inadmissible." *Mack*, 298 F.R.D. at 351 (citing *Indiana Ins. Co. v. General Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)). Unless "certain evidence is clearly inadmissible, [courts] should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context." *Id*. Regardless, a "district court may change its ruling at trial for whatever reason it deems appropriate." *Yannott*, 42 F.3d at 1007.

A. **Dukic's Non-Participation at Trial**

The issue regarding Defendant Dukic was previously set forth by the Court in a separate Order. Doc. 62. Specifically, earlier in the pendency of this case, Plaintiff's counsel agreed that, because Defendants have stipulated to liability (leaving the issues of causation and damages for trial), Defendant Dukic would not have to appear at trial or give testimony in the case. Doc. 54.

Plaintiff's counsel, however, subsequently reneged on that agreement and sought to question Dukic regarding "the manner and nature of the impact [at issue], what events led to the crash [at issue], what happened at the scene, what . . . Dukic saw and heard, any interaction with Plaintiff, and so on." Doc. 58 at PageID 264. In reliance on the previous agreement between counsel, however, Dukic's attorney lost touch with him and is now unable to contact him. Doc. 54 at PageID 259.

Defendants moved the Court for an Order that Defendant Dukic not be required to appear at trial or give deposition testimony in the case. Doc. 54. The Court denied Defendants' motion but, in light of Plaintiff reneging on an agreement between counsel, further ordered that, should Plaintiff wish to call Dukic as a witness at trial, Plaintiff shall comply with all legal requirements necessary to secure Dukic's attendance. *See, e.g.,* Fed. R. Civ. P. 45(c). Plaintiff contends that Dukic -- who is a Canadian resident -- is outside the subpoena power of the Court and, therefore, he cannot subpoenaed to attend trial. Doc. 68.

Because Dukic will not be present at trial, Defendants request that the Court prohibit Plaintiff or counsel from "disparag[ing] [him] for not attending trial." Doc. 65. Plaintiff argues that counsel should be permitted to comment on Dukic's absence so that the jury is not left with the impression that Plaintiff is not interested in holding Dukic accountable for the accident or that counsel is unprepared in the case. Doc. 68.

The Court agrees with both parties regarding Dukic's absence. Accordingly, the Court **GRANTS** Defendants' motion *in limine* and **ORDERS** that neither Plaintiff nor counsel disparage Defendants because Dukic is not present at trial. However, the jury should be informed why Dukic is not present and, accordingly, the Court **ORDERS** counsel to confer regarding a preliminary instruction informing the jury why Dukic will not be at trial, *i.e.*, because he is a Canadian resident,

because Dukic's breach of duty is stipulated, and counsel previously agreed he need not participate at trial.

   B.   **Evidence of Psychological Treatment**

Defendants next move for an Order precluding Plaintiff from presenting evidence at trial regarding his "diagnosis, treatment, and causation of any [psychological] treatment." Doc. 65. According to Defendants, Plaintiff's counsel previously agreed that Plaintiff would not be pursuing any psychological claims in this case. Doc. 84. Plaintiff, in his memorandum in opposition, represents an intent to call certain lay witnesses to testify regarding the impact the accident has had on him, including their observations of Plaintiff's depression and anxiety. Doc. 68. Plaintiff also represents an intent to call two doctors, Drs. Deardorff and Miller, to testify as experts and/or treaters regarding Plaintiff's alleged depression and anxiety and their opinions linking these conditions to the accident at issue. *Id*.

It is not clear to the Court at this time whether an agreement was actually reached and, if it was, whether Plaintiff's counsel is now reneging on this agreement. If an agreement was reached between counsel, the undersigned would be inclined to exclude any evidence regarding diagnosis, treatment, and causation concerning any alleged psychological disorders such as depression and anxiety. Even if there were no agreement between counsel, it nevertheless appears from the record that the medical evidence Plaintiff would seek to introduce (*i.e.*, the opinion testimony of Drs. Deardorff and Miller) should be excluded because such expert evidence was not properly disclosed under Rule 26. Absent evidence regarding the cause of these conditions, introduction of Plaintiff's treatment for these conditions would be prejudicial and could potentially confuse the jury.

The disclosure of expert witnesses is governed by Fed. R. Civ. P. 26(a)(2), which provides that, "a party must disclose to the other parties the identity of any witness it may use at trial to

present evidence under Federal Rule of Evidence 702, 703, or 705." In addition to the mere disclosure of each expert's identity, the party's expert disclosure must "be accompanied by a written report -- prepared and signed by the witness -- if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

Reports for experts retained or specially employed to provide expert testimony in a case must contain certain specific information, namely: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." *Id*.

With regard to experts not retained or specially employed to provide expert testimony in a case, *e.g.*, treating doctors, the mere disclosure of the expert's identity is also insufficient. *See* Fed. R. Civ. P. 26(a)(2)(C). Instead, the disclosure of a non-retained expert's identity must be accompanied by a statement regarding: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." *Id*.; *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *7 (S.D. Ohio Mar. 11, 2015).

While the disclosures required by Rule 26(a)(2)(C) are "considerably less extensive than the report required by Rule 26(a)(2)(B)[,]" the Rule does "not permit a Plaintiff to 'dump' medical

records on the defendant, nor do they eliminate the requirement of providing summary disclosures." *Gleed v. AT&T Servs., Inc.*, No. 13-12479, 2016 WL 1451532, at *2 (E.D. Mich. Apr. 12, 2016); *see also Cosby v. Claiborne Cnty. Bd. of Educ.*, No. 3:17-CV-278-RLJ-HBG, 2018 WL 3233336, at *3 (E.D. Tenn. July 2, 2018) (finding that identifying physicians in response to interrogatories and the production of medical records in discovery "does not satisfy Rule 26(a)(2)(C)" and "does not constitute harmlessness under Rule 37(c)(1)"); *Little Hocking Water Ass'n*, 2015 WL 1105840, at *8 (holding that a Rule 26(a)(2)(C) "summary is defined as a brief account that states the main points of a larger body of information," not "a prodigious volume of material"; "it does not suffice to reference large bodies of material as sources of facts").

Here, Dr. Deardorff is not identified at all in Plaintiff's expert disclosure. Doc. 23. Dr. Miller is identified, but the disclosure on the Court's docket fails to note whether he is one retained or specially employed and, regardless, is nevertheless woefully insufficient to meet the disclosure requirements of Rule 26(a)(2)(B) or (a)(2)(C). During the final pretrial conference, Plaintiff's counsel noted that an Ohio Bureau of Workers' Compensation report authored by Dr. Miller was produced to Defendants in this case but, as previously noted by the Court in another case, the disclosure of records or reports prepared in furtherance of workers' compensation proceedings does not satisfy the expert disclosure requirements of Rule 26. *See Ogle v. Koorsen Fire & Sec., Inc.*, 336 F. Supp. 3d 874, 880 (S.D. Ohio 2018). Thus, from the record presently before the Court, Plaintiff's expert disclosures do not comply with Rule 26.

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In fact, Rule 37(c)(1) "*requires absolute compliance* with Rule 26(a), that is, it 'mandates

that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (emphasis added). In other words, "the sanction of exclusion [of experts] is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless[.]" *Id*. (citing *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)).

Based on the record presently before the Court, Defendants' motion *in limine* precluding evidence of Plaintiff's psychological diagnosis, treatment, and causation -- and specifically, the testimony of Drs. Deardorff and Miller -- is **GRANTED**.

**IT IS SO ORDERED.**

Date:  November 25, 2019    s/ Michael J. Newman
Hon. Michael J. Newman
United States Magistrate Judge