## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **BRUCE ANCA,** | * | **CASE NO.: 3:17-cv-00086** |
| | * | |
| **PLAINTIFF** | * | **Magistrate Judge Newman** |
| | * | |
| **v.** | * | |
| | * | **FINAL PRETRIAL ORDER** |
| **GEMINI TRANSPORT, LLC, et al.,** | * | |
| | * | |
| **DEFENDANTS** | * | |
| | * | |
| | * | |

This action came before the Court at a final pretrial conference held on November 22, 2019 at 10:00 a.m., pursuant to Rule 16, of the Federal Rules of Civil Procedure.

## I. APPEARANCES:

For Plaintiff, Bruce Anca: Ryan J. Melewski and Jeffrey A. Pallante

For Defendants: Jennifer K. Nordstrom and David W. Zahniser

## II. NATURE OF ACTION AND JURISDICTION:

A.     This is an action for bodily injury from a motor vehicle accident.

B.     The jurisdiction of the Court is invoked under 28 United States Code, Sections 1441 and 1446.

C.     The subject matter jurisdiction of the Court is not disputed.

## III. TRIAL INFORMATION:

A.     The estimated length of trial is three days.

B.     Trial to a jury has been set for 3 days.

## IV. AGREED STATEMENTS AND LISTS:

**A.     General Nature of the Claims of the Parties**:

(1)     PLAINTIFF CLAIMS:  Plaintiff claims that the Defendants were

negligent in the operation of their semi-truck causing a collision that injured Plaintiff. Plaintiff is alleging past and future economic and non-economic damages that were proximately caused by the Defendants negligence.

(2) DEFENDANTS CLAIMS: Defendants do not dispute liability for the collision. Defendants dispute the causation, extent, nature, and duration of Plaintiff's alleged injuries and damages, and the damages claimed by the Ohio Bureau of Workers Claims, who has moved the court to intervene in the case.

**B.** **Uncontroverted Facts**:

The following facts are established by admissions in the pleadings or by stipulations of counsel:

(1) The collision involving Plaintiff, Bruce Anca, was caused by Defendant, Ale Dukic.

(2) Defendant, Ale Dukic, was operating his vehicle on behalf of Defendant, Gemini Transport, LLC.

(3) The parties have stipulated or will stipulate to the authenticity of medical bills and records claimed in this case, to the payments made by the BWC for which the BWC is pursuing subrogation, and to the *Robinson v. Bates* information related to the medical bills for treatment claimed in this case. (Such a stipulation does not prevent any of the parties from objecting to admissibility of any such records, or portion thereof, on any other basis. By so stipulating, Defendants do not waive any defenses regarding proximate cause of the claimed injuries or the reasonableness or necessity of the claimed treatment.)

2

**C.    Issues of Fact and Law**:

(1)    Contested Issues of Fact:

The contested issues of fact remaining for decision are:  Nature, causation,

extent, and duration of Plaintiff's claimed injuries.

(2)    Contested Issues of Law:

There are no special issues of law reserved other than those implicit in the

foregoing issues of fact.

**D.    Witnesses:**

(1)    Plaintiff will call or will have available for testimony at trial those witnesses listed

in Appendix A hereof.

(2)    Defendant will call or will have available for testimony at trial those Witnesses

listed on Appendix B hereof.

The parties reserve the right to call rebuttal witnesses whose testimony could not

reasonably be anticipated without prior notice to opposing counsel.

None of the parties waive their rights to object to witnesses identified in the appendixes

from being called.

**E.    Expert Witnesses**:

The parties are limited to the following number of expert witnesses, including treating

physicians, whose names have been disclosed and reports furnished to the other side:

Plaintiff:  Drs. Paley, Adib, Miller and/or Deardorff (subject to the Court's Order on

Defendants' motion *in limine*).

Defendants:  Drs. Leess and Bender.

**F. Exhibits**:

The parties will offer as exhibits those items listed herein and numbered with Arabic numerals as follows:

Plaintiff's Exhibits -- Appendix D (marked "PX 1 through 22.")

Defendants' Exhibits -- Appendix E (marked "DX 1 through 7.")

None of the parties waive their rights to object to exhibits identified in the appendixes from being introduced.

**G. Depositions**:

Testimony of the following witnesses will be offered by video-recorded deposition:

Jonathan J. Paley, M.D.; Abdulla Adib, M.D.; Fred R. Leess, M.D.; Kurt Jacoby.

**H. Discovery**:

Discovery has been completed.

**I. Pending Motions**:

The following motions are pending at this time: Defendants' motions *in limine*.

**V. MODIFICATION:**

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel, or on motion of the Court.

**VI. SETTLEMENT EFFORTS:**

The parties have made a good faith effort to negotiate a settlement; however, the parties request the assistance of the Court in trying to reach a settlement.

**VII. TRIAL TO A JURY:**

PROPOSED INSTRUCTIONS --- The parties have or will submit proposed jury

instructions as required by the Court's Trial Scheduling Order.  The Court will endeavor to seat 12 jurors and each party will have 4 preemptory challenges.


Attorney for Plaintiff:  */s/ Jeffrey A. Pallante*


Attorney for Defendants:  */s/ David W. Zahniser*


**Approved following Final Pretrial Conference:**


      **IT IS SO ORDERED.**


Date:   November 25, 2019                    s/ Michael J. Newman
                                                      Hon. Michael J. Newman
                                                      United States Magistrate Judge

APPENDIX A

1. Bruce Anca (Will testify about collision and injuries)

2. Jan Anca (Will testify about collision and injuries)

3. Joshua Rife (Will testify about Plaintiff's injuries)

4. Adam Leeper (Will testify about Plaintiff's injuries)

5. Dr. Jonathan Paley (Medical expert who will testify by videotape deposition on the cause and extent of Plaintiffs injuries and medical treatment)

6. Dr. Abdulla Adib (Medial expert who will testify by videotape deposition on the cause and extent of Plaintiffs injuries and medical treatment)

7. Ale Duckic (Will testify about collision and injuries)

8. Kurt Jacoby (by deposition will testify about collision and injuries))

9. Dr. Fred Leess (on cross via video deposition)

10. Dr. Paul A. Deardorff (Medical expert who will testify by videotape deposition on the cause and extent of Plaintiffs injuries and medical treatment)

11. Dr. Michael E. Miller, M.D. (Medical expert who will testify by videotape deposition on the cause and extent of Plaintiffs injuries and medical treatment)

12. Representative from the BWC

13. Any of Mr. Anca's treating physicians and healthcare providers

14. Any witness identified by the BWC

15. Any witness identified by the defense, and

16. Plaintiff reserves right to add witnesses and to call any of these witnesses live, by video and/or transcript.

APPENDIX B

1. Fred R. Leess, M.D., who will testify by video tape deposition taken on March 11, 2019, regarding Plaintiff's alleged hearing loss and related claims.

2. Thomas A. Bender, M.D., who will testify pursuant to his Rule 35 examination of Plaintiff, Bruce Anca, and consistent with his report from same. Dr. Bender may also offer rebuttal testimony. Dr. Bender is expected to testify live at trial.

3. A representative of Defendant, Gemini Transport, LLC, believed to be Goran Petkovich who may testify, if needed, as a rebuttal witness only.

4. Defendants reserve the right to call as part of their case any witnesses identified by any of the other parties, or any necessary rebuttal witness.

APPENDIX D

1. Curriculum Vitae, Dr. Paley
2. Dayton Orthopedic 2-6-18
3. Dayton Orthopedic 8-31-18
4. Traffic Crash Report
5. Crash photos
6. Premier Health Partners records
7. Kettering Health Network records
8. Orthopaedic Institute of Dayton records
9. Proscan Imaging of Troy LLC records
10. Pike Chiropractic records
11. ForPsych: A Forensic Psychology Practice records
12. Independent Psychiatric Examination, Dr. Miller
13. Center for Effective Living records
14. Audiologic Evaluation
15. Dr. Sassler records
16. Memorial Ear Nose and Throat, Dr. Leess
17. Video of Crash
18. Premier Health Family Care of Vandalia records
19. Dr. Bender report
20. Southwest Ohio ENT Specialists, Dr. Adib report
21. Advanced Spine & Pain Management records
22. Plaintiff's Medical Bills and Lost Wage Documentation
23. Plaintiff's may use the following:
24. Documents provided by Plaintiff in response to Defendants Requests for Production of Documents;
    a. Documents provided by Defendant in response to Plaintiff's Requests for Production of Documents;
    b. Demonstrative exhibits of the location of the collision;
    c. Demonstrative exhibits of anatomy;
    d. Plaintiff reserves the right to introduce any affidavits prepared or any depositions taken in this case as well as any exhibit made a part of those affidavits or depositions for any and all purposes allowed by the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this list of exhibits. Plaintiff reserves the right to use and any exhibits identified by Defendant.

APPENDIX E

1. Defendant reserves the right to object to any Exhibit identified by the other parties and also reserves the right to offer into evidence any Exhibit identified by the other parties, specifically including Plaintiff's catch-all statements listed as Exhibits 23 and 24 in Plaintiff's Pre-Trial Brief.

2. Any Exhibit necessary for rebuttal evidence.

3. Exhibit D1 – CV for Fred R. Leess, M.D.

4. Exhibit D-2 – CV for Thomas A. Bender, M.D.

5. Exhibit D-3 – Exhibit A to the parties Stipulation.

6. Exhibit D-4 – Workers Compensation file for Bruce Anca's claim.

7. Exhibit D-5 – Deposition transcript for Plaintiff, Bruce Anca.

8. Exhibit D-6 – Discovery responses from Plaintiff, Bruce Anca, including responses to supplemental discovery requests.

9. Exhibit D-7 – Medical bills of Plaintiff, Bruce Anca, to show the amount accepted as payment in full for his medical treatment.